IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**EDDIE MCCOY, JR., #L2187**                                                  **PETITIONER**

**VERSUS**                                          **CIVIL ACTION NO. 2:15-CV-120-KS-MTP**

**MARSHALL L. FISHER**                                            **RESPONDENT**

### REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Motion for Entry of a Default Judgment [7] by Petitioner Eddie McCoy. Having considered the submissions of the parties and the applicable law, the undersigned recommends that the Petitioner's Motion for Entry of a Default Judgment [7] be denied.

This is a *habeas corpus* action brought by a state prisoner under 28 U.S.C. § 2254. On September 24, 2015, an order for service of process was issued to Jim Hood, the Attorney General of the State of Mississippi. *See* [3]. It required Respondent to file an answer or other responsive pleading within twenty days of receipt of the order. *Id.* An acknowledgment of service for the certified mail containing the order was signed by an employee of the Attorney General's office on September 28, 2015. *See* [4]. When no response was filed, Petitioner moved for default entry as Respondent did not answer within 20 days of service. On February 8, 2016, Respondent filed a Response to The Motion for Default Judgment [5].[1]

Respondent, informed the Court that the correct division of the Attorney General's Office did not receive the *habeas* petition to respond within the 20 day deadline, and that because Jim Hood was not included as a party to the case they did not receive an email notification that it was filed. *See* [5] at 1-2. Respondent has filed a Motion to Dismiss [6]. For the reasons set forth

---

[1] Respondent was able to respond to Petitioner's motion *before* it was filed because Petitioner mailed his Motion for Entry of Default Judgment [7] to Respondent. *See* [5] at 1.

1

below, the undersigned recommends that the Petitioner's Motion for Entry of a Default Judgment [7] be denied.

Default judgment is not appropriate in a *habeas* proceeding because the failure of respondent to file an answer does not entitle a petitioner to *habeas corpus* relief. *See, e.g., Wiggins v. Procunier*, 753 F.2d 1318, 1321 (5th Cir.1985) (citing *United States ex rel. Mattox v. Scott*, 507 F.2d 919, 924 (7th Cir.1974) (holding that default judgment is not an appropriate remedy for a state's failure to answer a *habeas corpus* petition)); *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir.1990) ("The failure to respond to claims raised in a petition for *habeas corpus* does not entitle the petitioner to a default judgment."); *Lemons v. Collins*, 992 F.2d 326 (5th Cir. 1993)("A *habeas* petitioner is not entitled to release because of the state's tardiness in responding to the petition.").

The relief Petitioner requests is a release from prison. The Fifth Circuit has found that a district court should not have "visited upon the community the consequences" of granting *habeas corpus* relief because of the government's delay in responding to a court order. *Broussard v. Lippman*, 643 F.2d 1131, 1134 (5th Cir.1981).

"Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) The Federal Rule of Civil Procedure 55(c) states that, "[t]he court may set aside an entry of default for good cause [.]" In determining good cause some factors to consider are: (1) whether the default was willful, (2) whether setting it aside would prejudice the adversary, (3) whether a meritorious defense is presented, and (4) whether the party worked expeditiously to correct the default. *See Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000).

In this case, the failure to timely respond was not willful. Respondent also moved quickly to correct the situation once Petitioner made them aware of the suit by mail and has presented a meritorious defense in their Motion to Dismiss [6]. Finally, Petitioner has not been prejudiced in any way by the delay.

For the foregoing reasons, it is recommended that Petitioner's Motion for Entry of a Default Judgment [7] be denied, and that Petitioner be directed to promptly respond to the Motion to Dismiss [6].

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 12th day of February, 2016.

s/ Michael T. Parker  
United States Magistrate Judge