IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**EDDIE MCCOY, JR., L2187**                                                                 **PETITIONER**

**V.**                                              **CIVIL ACTION NO. 2:15-CV-120-KS-MTP**

**MARSHALL L. FISHER**                                                                  **RESPONDENT**

### ORDER

This matter is before the Court on the Report and Recommendation [8] of United States Magistrate Judge Michael T. Parker (the "Magistrate") filed on February 12 ,2016, in which he recommends that the Court deny the pending Motion for Entry of Default [7] filed by Petitioner Eddie McCoy ("Petitioner"). After reviewing the record and the applicable law, the Court finds that the Report and Recommendation [8] is both factually and legally accurate, and that it should be adopted as the opinion of the Court.

As required by 28 U.S.C. § 636(b)(1), the Court conducts an independent review of the entire record and a *de novo* review of the matters raised by Plaintiff's objections. In his Objection [9], Petitioner reiterates his previous arguments, insisting he is entitled to default judgment because the reasons offered by the government do not excuse its late response. Petitioner does not, however, address the Magistrate's legal conclusion that default judgments are not appropriate in habeas proceedings. (*See* Report and Recommendation [8] at p. 2.) "A habeas petitioner is not entitled to release because of the state's tardiness in responding to the petition." *Lemons v. Collins*, 992 F.2d 326 (5th Cir. 1993). The Court finds this to be an accurate statement of the law, and therefore must agree with the Magistrate that Petitioner's Motion for Entry of Default [7] must be denied.

Furthermore, based on the record, the Court agrees with the Magistrate that the state's delay in responding to the petition was not done intentionally and that good cause exists such that entry

of default would be set aside even if it were granted, pursuant to Federal Rule of Civil Procedure 55(c).  The petition was not received by the correct division of the attorney general's office, and Jim Hood was not named as a defendant and, therefore, not receive electronic notification of the action.  The Court agrees with the Magistrate's conclusion that the failure to answer was not done willfully.  The Court further agrees with his findings that granting the default would not unduly prejudice Petitioner and that the state acted diligently to correct the situation once it was known to them.  *See Lacy v. Sitel Corp.*, 227 F.3d 290-92 (5th Cir. 2000).  Even if default were appropriate in a habeas proceeding, then, the Court would not grant it here as good cause exists to excuse the default.

Petitioner's Objection [9] is therefore **overruled**.  After reviewing the record, the Court concludes that the Magistrate Judge's Report and Recommendation [8] is an accurate statement and analysis of the law and facts. The Court adopts it as the opinion of the Court.  Plaintiff's Motion for Entry of Default [7] is therefore **denied**.

SO ORDERED AND ADJUDGED this 1st day of March, 2016.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE