IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**EDDIE MCCOY, JR.**                                                                        PETITIONER

VS.                                                            CIVIL ACTION **NO.2:15CV120KS-MTP**

**MARSHALL L. FISHER**                                                                    RESPONDENT

<u>ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION</u>

This cause is before the Court on Petition of Eddie McCoy Jr. Pursuant to 28 U.S.C. § 2254 [1], Respondent's Motion to Dismiss pursuant to 28 U.S.C. § 2254 (b) and (c) [6], Petitioner's Motion to Strike pursuant to Fed. R. Civ. P. 12(f) [13], and the Court considering same and also considering the Report and Recommendation filed May 16, 2016, by United States Magistrate Judge Michael T. Parker, does hereby find as follows.

I. PROCEDURAL HISTORY

Petitioner Eddie McCoy is a post-conviction inmate currently incarcerated at the East Mississippi Correctional Facility in Meridian, Mississippi. On January 9, 2013, Petitioner was convicted of possession of a controlled substance with the intent to distribute in the Circuit Court of Forrest County, Mississippi. The next day, he was sentenced as a habitual offender pursuant to Mississippi Code § 99-19-83 and received a term of life imprisonment without parole in the custody of the Mississippi Department of Corrections.

Petitioner filed a direct appeal of his conviction and sentence to the Mississippi Supreme Court. He raised the following arguments through counsel:

1. The trial court erred in denying the motion to suppress; and

2. The evidence was insufficient to support the verdict.

Petitioner raised the following arguments *pro se* in his supplemental brief:

    3.    Violation of the right to a speedy trial; and

    4.    Ineffective assistance of trial counsel.

The Mississippi Court of Appeals affirmed Petitioner's conviction by written opinion on October 21, 2014. Petitioner, through counsel, next filed a petition for writ of certiorari through to the Mississippi Supreme Court on March 31, 2015, but later filed a *pro se* "Voluntary Dismissal of Petition for Writ of Certiorari" on April 15, 2015. The Mississippi Supreme Court granted Petitioner's request on April 20, 2015.

On May 8, 2015, Petitioner filed *pro se* an "Application for Leave to Proceed in Trial Court" in the Mississippi Supreme Court raising the following arguments (as stated by the Petitioner):

    1.    Petitioner was denied his US Sixth and Fourteenth amendment constitutional right(s) to the effective assistance of counsel during pre-trial and trial proceedings; and

    2.    Petitioner was denied the effective assistance of counsel during his direct appeal.

On June 22, 2015, the Mississippi Supreme Court denied Petitioner's application, holding that his claims failed to meet the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 686 (1984).

On August 28, 2015, Petitioner filed the instant Petition, in which he raises the following arguments *pro se* (as stated by Petitioner):

    1.    Petitioner was denied his U.S. Sixth Amendment constitutional right to the effective assistance of counsel during pre-trial and trial proceedings;

    2.    Petitioner was denied effective assistance of counsel during direct appeal; and

    3.    Petitioner's sentence is illegal.

In his motion to dismiss, Respondent argues that the argument contained in Ground Three was not raised by the Petitioner during his direct appeal or post-conviction proceedings in state court in violation of the exhaustion requirement set forth in 28 U.S.C. § 2254(b). On this basis, Respondent seeks dismissal of the entire Petition, even though Grounds One and Two were presented by Petitioner in state court. Petitioner filed a response to the motion on March 16, 2016, and he has also filed a motion to strike the motion to dismiss.

## II. STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See also *Longmire v. Gust*, 921 F. 2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such a review means that this Court will examine the entire record, and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge, *Koetting v. Thompson*, 995 F. 2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous conclusive or general in nature. *Battle v. United States Parole Commission*, 834 F. 2d 419, 421 (5th Cir. 1987). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F. 3d 290, 293 (5th Cir. 1993).

## III. PETITIONER'S OBJECTIONS AND ANALYSIS

Petitioner's objection to the Magistrate's report only addresses what he refers to as the illegal sentence claim. He argues that ". . . a sentence which exceeds the statutory maximum is an illegal sentence and therefore constitutes plain error." *United States v. Vera*, 542 F. 3d 457,

459 (5th Cir. 2008). His argument is that because the maximum sentence for his most recent conviction is eight (8) years, his sentence of life imprisonment is unconstitutional, and therefore is illegal. However under M.C.A. Section 99-19-83, Petitioner was properly sentenced. This section states that:

> Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charge separately brought and arising out of separate incidents at different times and who shall have been sentenced to and served separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, and where any one (1) of such felonies shall have been a crime of violence shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

Miss Code § 99-19-83.

On July 26, 2002, in the Circuit court of Lamar County, Mississippi, in Cause No. 2001-K-018E Petitioner was sentenced to serve three (3) years in the Mississippi Department of Corrections for Robbery. On March 17, 2011, in the Circuit Court of Forrest County, Mississippi, in Cause No. 09-057CR Petitioner was sentenced to serve two (2) years in the Mississippi Department of Corrections for Sale of Controlled Substance. These are two separate felony convictions that were separately brought, and did arise out of separate incidents at different times. Petitioner was sentenced to and served separate terms of one (1) year or more for each. Robbery under M.C.A. Section 97-3-2 is defined as a crime of violence. Miss. Code § 97-3-2(1)(i). Because these prior convictions meet the requirements for Petitioner to be sentenced as a habitual criminal, Petitioner was properly sentenced under M.C.A. Section 99-19-83.

## IV. CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objection. For the reasons set

forth above, this Court concludes that Petitioner's objection lacks merit and should be **overruled.** The Court further concludes that the Proposed Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves, and adopts the Magistrate Judge's factual findings and legal conclusions contained in the Report and Recommendation.

Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that Petitioner's Motion to Strike [13] is **denied.** Respondent's Motion to Dismiss [6] is **granted** to the extent Petitioner's third ground for relief, namely, his illegal sentence claim, be dismissed with prejudice for failure to exhaust state remedies and it lacks merit. Motion [6] is **denied** as to all of Petitioner's other claims. The Respondent is ordered to file a response to the merits of all claims asserted in the instant Petition, except Petitioner's illegal sentence claim, within thirty (30) days.

**SO ORDERED AND ADJUDGED** on this, the 20th day of June.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE